UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SEAN E. SCHMOLL, | ) |
| --- | --- |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:19-cv-02011 SRC |
| ANGELA D. AGUIRRE, | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Sean E. Schmoll's Motion to Remand [8]. The Court grants the motion.

## I. BACKGROUND

Defendant Angela Aguirre removed this action from the Circuit Court of St. Louis County to this Court on July 16, 2019. Aguirre cited 28 U.S.C. §§ 1332 and 1441 as the basis for her removal claiming the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Doc. 1. Schmoll is a citizen and resident of Missouri and Aguirre is a citizen and resident of North Carolina. Doc. 1. Schmoll further alleges Aguirre is a non-resident motorist. Doc. 1. Schmoll moves to remand this action for failure to remove within the required 30-day period.

## II. DISCUSSION

Schmoll argues he served Aguirre on June 10 or 14, 2019, and her notice of removal had to be filed, at the latest, by July 15, 2019,[1] pursuant to 28 U.S.C. § 1446(b)(1). Aguirre did not

---

[1] July 14, 2019, is a Sunday, therefore, Aguirre would have until Monday, July 15, 2019, to remove the case. Fed. R. Civ. P. 6(a)(1)(C).

1

file her notice of removal until July 16, 2019, therefore, according to Schmoll, Aguirre did not remove the case within 30 days and the case should be remanded. Schmoll states he served the Missouri Secretary of State on June 10th and Aguirre received the complaint from the Secretary of State on June 14th. He argues he properly effectuated service on June 10th when he served the Secretary of State. The Court need not determine, for the purposes of this motion, whether Schmoll effectuated service on June 10th or 14th.

Generally, notice of removal in a civil action must be filed within 30 days of receipt of the initial pleading by the defendant. 28 U.S.C. § 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In Missouri, a plaintiff may serve a defendant who is a non-resident motorist by serving the summons and petition on the Missouri Secretary of State. Missouri Revised Statute § 506.210 states:

> The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:
>
> (1) An agreement by him that he, his executor, administrator or other legal representative shall be subject to the jurisdiction of the courts of this state in all civil actions and proceedings brought against him, his executor, administrator or other legal representative by either a resident or a nonresident plaintiff, for damages to person or property, including actions for death, growing or arising out of such use and operation; and
>
> (2) An appointment by such nonresident, his executor, administrator or other legal representative of the secretary of state of Missouri as his lawful attorney and agent upon whom may be served all process in suits pertaining to such actions and proceedings;
>
> (3) An agreement by such nonresident that any process in any suit so be served shall be of the same legal force and validity as if personally served in this state.

In his complaint, Schmoll alleges Aguirre struck the rear of Schmoll's vehicle with the front-end of her vehicle causing him to sustain serious and permanent personal injuries. Aguirre states in her notice of removal that she is a citizen and resident of North Carolina. Therefore, Missouri Revised Statute § 506.210 applies.

Aguirre argues in response to the motion to remand that she timely filed her notice of removal because she was never properly served. Aguirre, however, never challenged service of process in state court or in this Court. In fact, on July 16, 2019, she filed an answer in this Court. Consequently, she waived her right to challenge service of process. *See* Fed. R. Civ. P. 12(b)(5) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Federal Rule of Civil Procedure 12(h) states:

> (1) *When Some Are Waived*. A party waives any defense listed in Rule 12(b)(2)-(5) by:
>
> (A) omitting it from a motion in circumstances described in Rule 12(g)(2); or
>
> (B) failing to either:
>
> > (i) make it by motion under this rule; or
>
> > (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Because Aguirre waived any deficiencies in service of process, the Court must use the unchallenged date of service to calculate the 30 days allowed to remove the action from state court. If the Court applied Aguirre's argument, then whenever a defendant did not believe service of process was proper, the defendant could choose any date to begin calculating the 30-day time limit for removal. This would eviscerate § 1446's time limitation.

Schmoll served Aguirre on June 14th, at the latest, and Aguirre did not file her notice of removal until July 16th. Therefore, she did not remove the case within the 30 days required by § 1446 and the Court must remand this case back to the Circuit Court of St. Louis County.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **GRANTS** Plaintiff Sean E. Schmoll's Motion to Remand [8]. The Court remands this matter back to the Circuit Court of St. Louis County. Pursuant to 28 U.S.C. 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 28th day of October, 2019.      *SLR.CR*

---
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**